**Yriel DAUDIN, also known as Iriel Daudin, also known as Daudin Iriel, Petitioner,**

**v.**

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

**No. 06–60195**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 22, 2007.

Elizabeth Schwartz, Perkins Coie, Portland, OR, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Yriel Daudin, a native and citizen of Haiti, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying him the withholding of removal and relief under the Convention Against Torture (CAT). Daudin's argument that he was denied relief based on erroneous adverse credibility determinations is without merit because the BIA specifically declined to make an adverse credibility finding. With respect to his assertion of past persecution based on an imputed political opinion, Daudin's claim of derivative persecution failed because Daudin failed to set forth any evidence that his mother's political opinion would be imputed to him. *See, e.g., Roy v. Ashcroft*, 389 F.3d 132, 138–39 (5th Cir.2004). The immigration judge thus did not err by requiring Daudin to show a clear probability of future persecution on account of one of the protected grounds. *Id.* Because Daudin failed to make such a showing, the immigration judge did not err by subsequently apportioning to Daudin the burden of

---

proof in establishing that a change in the conditions in Haiti made him unable to return to that country. Finally, the immigration judge did not err in evaluating Daudin's request for relief under the CAT. *See Efe v. Ashcroft,* 293 F.3d 899, 906–07 (5th Cir.2002).

PETITION DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.